UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ATOYA ALEXANDER

           Plaintiff

-against-

THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; LIEUTENANT GATTO, in his individual and official capacity; SERGEANT LEROY, in his individual and official capacity

           Defendants.
-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 23 2011 ★
BROOKLYN OFFICE

CV 11 - 4638
GERSHON, J
GO, M.J.

Complaint

Jury Demand

The Plaintiff ATOYA ALEXANDER by her attorneys Cronin & Byczek, as and for her Defendants' THE CITY OF NEW YORK; THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, LIEUTENANT GATTO, SERGEANT LEROY, respectfully set forth and allege that:

## INTRODUCTION

1. This is an action for equitable relief and money damages on behalf of Plaintiff ATOYA ALEXANDER (hereinafter referred to as "Plaintiff") who was, and who is prospectively deprived of her statutory and constitutional rights as a result of the Defendants' THE CITY OF NEW YORK; THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, LIEUTENANT GATTO, SERGEANT LEROY policies, practices and acts of discrimination affecting the terms and conditions of her employment. Said policies was implemented under color of law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    (a)    Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII")

providing for injunctive and other relief against discrimination in employment on the basis of gender, race, sexual harassment, hostile work environment and retaliation for engaging in protected activity, and

    (b)    the Civil Rights Act of 1871, 42 U.S.C. § 1981, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

    (c)    the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

3.    The unlawful employment practices, violations of Plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.    The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.    Plaintiff is an African American female citizen of the United States of America and is over twenty- one (21) years of age, a resident of the County of Brooklyn and is a former employee of Defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the POLICE DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD"). For the purposes of this litigation, NYPD may be used interchangeably with Defendant

CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

6. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was Plaintiff's employer, with its central offices in New York County, and diverse other offices and facilities throughout the world.

7. Defendant CITY is an employer as defined in Title VII employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8. Defendant LT. GATTO is employed by Defendant City within the New York City Police Department and is sued herein in his individual and official capacity.

9. Defendant SGT LEROY is employed by Defendant City within the New York City Police Department and is sued herein in his individual and official capacity.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

11. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

12. On or about April 19, 2011, Plaintiff sought assistance from the United States Equal Employment Opportunity Commission and filed EEOC Charge No.: 846-22011-33913. On or about June 28, 2011 Plaintiff received the Notice of Right to Sue letter from the U.S. Department of Justice.

## BACKGROUND

13. Plaintiff was employed by the New York City Police Department as a

probationary officer from January 7, 2008 until her wrongful termination on May 27, 2010.

15. Throughout her employment she has been subjected to discrimination based upon her race, gender, sexual harassment, a hostile work environment and retaliation.

15. On or about October 2009 while assigned to the Conditions Squad of the 5th Precinct Plaintiff was subjected to blatant racism. Plaintiff was the only African American in the Squad and during roll call a supervisor Sergeant Leroy openly announced that he was gong to make someone his "slave for the day". This was a comment that was directed at Plaintiff and to which she took personally since she was the only African American in the room. Plaintiff complained about this incident to defendant Lt. Gatto who did not take any action. Pursuant to the rules and regulations of the NYPD Lt. Gatto was mandated to report this incident to the NYPD Office of Equal Opportunity ("OEO"). This incident was never reported nor was Lt. Gatto ever disciplined for failing to report and violating the Patrol Guide of the NYPD.

16. After Plaintiff complained to Lt. Gatto, Sergeant Leroy engaged in retaliatory actions against her, including but not limited to: imposing upon Plaintiff an illegal ticket quota and then informing her that he was still going to continue to retaliate; ordered plaintiff to take an unlicensed vendor arrest and when she informed him that she already had numerous for the month threatened plaintiff with discipline. Sgt. Leroy then specifically informed plaintiff that this was his way of teaching her a lesson and she had failed.

17. While assigned to the Conditions Squad in the 5th Precinct plaintiff and the other female assigned to the Squad (P.O. Laura Hughes) signed up for paid details and were denied each time. However, the five males in the Squad were approved by the Commanding Officer. All the officers, plaintiff, Hughes and the five males were similarly situated all had the same seniority, and were probationary.

4

18.     While assigned to the Conditions Squad in the 5th Precinct plaintiff was sexually harassed and subjected to a hostile working environment by Lt. Gatto, including but not limited to: Lt. Gatto made inappropriate comments about plaintiff's civilian clothing; Lt. Gatto inappropriately and constantly monitored plaintiff through text messages, something he did not do to other members of the Squad; Lt. Gatto sent plaintiff a picture of his home in Florida and invited her to visit him; on or about January 1, 2010 plaintiff was subjected to intense scrutiny and monitoring by Lt. Gatto in the form of test messages and e-mails, witnessed by her co-workers, informing plaintiff of the various locations of where he was located in an unmarked police vehicle and inviting plaintiff join him and bring something to drink. Lt. Gatto only focused on monitoring plaintiff throughout her tour that night; throughout her assignment at the 5th Precinct Lt. Gatto constantly called plaintiff and sent her test messages on her days off, during her vacation time and sick days.

19.     On August 14, 2009 plaintiff was involved in a minor off duty verbal incident with a neighbor concerning a parking spot and blocking of her family home driveway this incident resulted in the police being called. As a result plaintiff was first disciplined by her probationary period being extended six months. Plaintiff was terminated from employment on May 27, 2010 in a fashion not in accordance with the custom, policy and practice in that Plaintiff had no notice, due process or representation by her Union or her Union attorney. Plaintiff was not given a reason for her termination. Upon information and belief she was terminated because of the off duty incident. Similarly situated male officers who have engaged in much more severe off duty misconduct were not terminated. Probationary Police Officer Alex Mesa (male) who had less time on the job as plaintiff and was arrested for an assault off duty; Probationary Police Officer Paulino (male) also with less time on the job that Plaintiff, was arrested by undercover

officers for breaking into a car while off duty; Probation Police Officer Ramirez (male) who had the exact same amount of time on the job as Plaintiff was involved in an off duty assault and arrested. Not one of these three male probationary officers Mesa, Paulino or Ramirez were terminated.

20. As a result of being terminated plaintiff has suffered emotional, physical and financial distress.

## VIOLATIONS AND CLAIMS ALLEGED

### CLAIM I

### RACE AND GENDER DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORKING ENVIRONMENT AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. Plaintiff re-alleges Paragraphs 1 through 19 and incorporates them by reference as Paragraphs 1 through 19 of Claim of this Complaint.

22. Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the Plaintiff's race and gender and subjected plaintiff to sexual harassment, a hostile working environment and retaliation violation of 42 U.S.C. § 2000e-2.

23. Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which Plaintiff was subjected to, which was clearly motivated by race and gender discrimination in a clear demonstration of bad faith.

24. That as a result of the discriminatory acts of Defendants, Plaintiff suffered emotional, physical and financial distress, loss of employment and career opportunities humiliation, embarrassment and legal costs.

## CLAIM II

### RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT
### AND RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1981

25. Plaintiff re-alleges Paragraphs 1 through 23 and incorporates them by reference as Paragraphs 1 through 23 of Claim II of this Complaint.

26. Defendants' through its agents and Lt. Gatto and Sgt. Riley under color of law, personally interfered with and deprived Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law based upon plaintiff's race and tolerated and condoned a hostile work environment based upon plaintiff's race and retaliated against plaintiff for engaging in protected activity.

27. Defendants' through its agents and Lt. Gatto and Sgt. Riley in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

28. As a result of the acts of the Defendants' through its agents and Lt. Gatto and Sgt. Riley under color of law, Plaintiff suffered emotional, physical and financial distress, loss of employment and career opportunities humiliation, embarrassment and legal costs.

## CLAIM III

### RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT
### AND RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

29. Plaintiff re-alleges Paragraphs 1 through 27 and incorporates them by reference as Paragraphs 1 through 27 of Claim III of this Complaint.

30. Defendants' through its agents and Lt. Gatto and Sgt. Riley under color of law,

personally interfered with and deprived Plaintiff of her pension and constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law based upon plaintiff's race and tolerated and condoned a hostile work environment based upon plaintiff's race and gender, tolerated and condoned the sexual harassment of plaintiff and retaliated against plaintiff for engaging in protected activity.

31. Defendants' through its agents and Lt. Gatto and Sgt. Riley in acting to deprive Plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

32. As a result of the acts of the Defendants' through its agents and Lt. Gatto and Sgt. Riley under color of law, Plaintiff suffered emotional, physical and financial distress, loss of employment and career opportunities humiliation, embarrassment and legal costs.

## CLAIM IV

### RACE AND GENDER DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296, Et Seq

33. Plaintiff re-alleges Paragraphs 1 through 31 and incorporates them by reference as Paragraphs 1 through 31 of Claim IV of this Amended Complaint.

34. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and gender, and to subject any individual to sexual harassment, a hostile work environment, and retaliation .

35. As a result of the acts of the Defendants' through its agents and Lt. Gatto and Sgt. Riley under color of law, Plaintiff suffered emotional, physical and financial distress, loss of employment and career opportunities humiliation, embarrassment and legal costs.

## COUNT V

### RACE AND GENDER DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIV E CODE § 8-107, Et Seq

36. Plaintiff re-alleges Paragraphs 1 through 34 and incorporates them by reference as Paragraphs 1 through 34 of Claim V of this Amended Complaint.

37. New York State City Administrative Code § 8-107 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and gender, and to subject any individual to sexual harassment, a hostile work environment, and retaliation .

38. As a result of the acts of the Defendants' through its agents and Lt. Gatto and Sgt. Riley under color of law, Plaintiff suffered emotional, physical and financial distress, loss of employment and career opportunities humiliation, embarrassment and legal costs.

### **JURY TRIAL**

39. Plaintiff demands a trial by jury of all issues in this action that are so triable.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. Declare that the aforementioned actions of Defendants were in violation of the U.S. Constitution, Title VII, Civil Rights 42 USC §1981 and §1983, New York State

Constitution, New York State Executive Law, the New York City Human Rights Law, New York City Administrative Code, along with all applicable statutes;

2. Enjoin the defendants and their successors, agents, servants, employees and those in active concert or participation with them from subjecting their employees to discriminatory and retaliatory conduct based on their gender and their engagement in the protected activity of formally complaining of said discrimination;

3. Directing Defendants to place plaintiff in the position she would have been in but for Defendants discriminatory and retaliatory treatment of them, and to make her whole for reputational damage and all earnings they would have received but for Defendants' discriminatory and retaliatory treatment, including, but not limited to, wages, bonuses, equity interests, pension and other lost benefits;

4. Directing Defendants to reinstate Plaintiff;

5. Plaintiff demands compensatory and punitive damages from these Defendants' CITY; LT. GATTO and SGT. RILEY jointly and severally, in an amount to be determined at trial, and punitive damages against LT. GATTO and SGT. RILEY plus any and all available statutory remedies, both legal and equitable, and interests, costs and reasonable attorney's fees.

Dated: September 23, 2011
      Lake Success, New York

BY: _____
Linda M. Cronin
CRONIN & BYZCEK, LLP
Attorneys for Plaintiff
1983 Marcus Ave, Suite C-120
(516) 358-1700



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2011 4241

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

June 23, 2011

Ms. Atoya Alexander
c/o Linda M. Cronin, Esquire
Law Offices of Cronin & Byczek
Attorney at Law
1983 Marcus Ave., Ste. C-120
Lake Success, NY  11042

Re:  EEOC Charge Against New York City Police Department
     No. 846201133913

Dear Ms. Alexander:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Thomas E. Perez
                                        Assistant Attorney General
                                        Civil Rights Division

                              by        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc:  New York District Office, EEOC
     New York City Police Department